UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Nos.  09-CIV-61783-COHN/SELTZER
08-CR-60131-COHN

ARTURY O. DE LUNA SEIJAS,

    Petitioner/Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER GRANTING MOTION TO VACATE SENTENCE

**THIS CAUSE** is before the Court upon the Report and Recommendation [DE 19] of Magistrate Judge Patrick A. White.  The Court notes that the Respondent United States has not filed any objections to the Report and Recommendation by the deadline of November 1, 2010.

Even though no timely objections were filed, the Court has conducted a de novo review of the report and recommendation, and is otherwise fully advised in the premises.  Movant alleges that given the United States Supreme Court decision in Flores-Figueroa v. United States, – U.S. –, 129 S.Ct. 1886 (2009), he is actually innocent of the crime of aggravated identity theft.  Magistrate Judge White found upon a review of the factual proffer presented during Movant's change of plea hearing, that the record is "devoid of factual evidence that the movant knew that the credit card information he used belonged to an actual person, as required for a violation and conviction under 18 U.S.C. § 1028A," and therefore, "the actual innocence exception

established in Bousely,[1] *supra*, applies." Report at 17.

This Court agrees with the conclusion of the Magistrate Judge that the motion should be granted for the reasons stated in the Report. The Court notes that this decision in this case is distinguishable from those cases where the Government can rely on circumstantial evidence put forth in the plea hearing to demonstrate that a defendant knew the identity of a victim belonged to a real person. United States v. Gomez-Castro, 605 F.3d 1245, 1248-49 (11th Cir. 2010); United States v. Holmes, 595 F.3d 1255, 1258 (11th Cir. 2010). "Both the circumstances in which an offender obtained a victim's identity and the offender's later misuse of that identity can shed light on the offender's knowledge about that identity." Gomez-Castro, 605 F.3d at 1248. In the present case, the Magistrate found that "the movant's misuse of the [credit card] information occurred in circumstances where it might not have mattered to the movant whether the credit card was that of a real person." Report at 16. No objections were filed by the Government.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 19] is hereby **ADOPTED**;

2. The Motion to Vacate Sentence [DE 1] is hereby **GRANTED**;

3. The conviction in Count 6 for aggravated identify theft in United States v. Artury O. De Luna Seijas, Case No. 08-CR-60131, is hereby **VACATED**;

4. The Clerk shall reopen the criminal case and the Court shall set a status

---

[1] Bousely, 523 U.S. 614, 618 (1998).

      conference as to Mr. Seijas' criminal case;

5.     All pending motions are denied as moot;

6.     The Clerk may close this case.

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of November, 2010.

_____
JAMES I. COHN
United States District Judge

copies to:

Artury O. De Luna Seijas
Reg. no. 77699-004
CI McRae Correctional Institution
P.O Drawer 30
McRae, GA 31055

Marc Anton, AUSA